STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAVIER ANTONIO RAMIREZ, <br><br> Defendant. | Case No. 4:23-cr-00073-JST <br> previously 4:23-mj-70141-MAG <br><br> STIPULATION AND PROTECTIVE ORDER |

Plaintiff United States of America, by and through STEPHANIE M. HINDS, United States Attorney for the Northern District of California, and KELLY I. VOLKAR, Assistant United States Attorney for the Northern District of California, and the defendant, JAVIER ANTONIO RAMIREZ, through his undersigned counsel, hereby stipulate and agree as follows:

    a)    This is a case in which the defendant is charged with crimes involving victims and/or witnesses who are minors (the Child Victims). As such, the Child Victims are entitled to certain statutory protections, including: (1) Title 18, United States Code, section 3509, which affords certain confidentiality protections to the Child Victims, including the requirement that the Child Victims' names not be included in any public filings and that the parties keep the names of child victims in a secure

place to which no person who does not have reason to know their contents has access; (2) Title 18, United States Code, section 3771, which affords any victim of a crime the right to be treated with fairness and respect for his or her dignity and privacy; and (3) Title 18, United States Code, section 3509(m), which provides that a court shall deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility.

      b) Some of the discovery materials the government intends to produce in this case may include materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual, including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, names, series names, or screen names of persons who are minors, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information");

      c) The government seized or otherwise obtained certain electronic devices from the defendant ("Defendant's Electronic Devices") that may contain private and confidential information relating to Child Victims and other individuals, including potentially Personally Identifying Information such as account numbers, social security numbers, and dates of birth. Due to the nature in which the information is stored, it cannot practicably be redacted.

      THEREFORE, THE PARTIES STIPULATE AND AGREE that the Court should enter an order restricting the disclosure of the Protected Information described above as follows:

1. The United States will identify discovery materials as Protected Information by marking

such materials "Confidential—Subject to Protective Order" (or with a similar legend) or by providing written notice identifying discovery material as Protected Information. All information stored on Defendant's Electronic Devices will also be deemed Protected Information and subject to the terms of this Protective Order.

2. The following individuals (the "Defense Team") may access and review Protected Information for the sole purpose of preparing the defense in this matter unless the Court specifically authorizes its use in another proceeding or for another purpose:

    a) Counsel for defendant who have made an appearance in this matter; and

    b) Persons employed by defense counsel to assist with the preparation of the defense, including legal assistants, employees, independent contractors, experts, and investigators.

3. The Defense Team may review with the defendant all discovery material produced by the government, but shall not provide the defendant with copies of, or permit the defendant to make copies of or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials. The United States and defense counsel will work together to ensure that these materials are protected, but that the defendant has as much access to the materials as can be provided consistent with the terms of this stipulation. Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (*e.g.*, a defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

4. The Defense Team may show witnesses unredacted copies of Protected Information in the course of preparing a defense if the Defense Team has reason to believe the witness would have seen or had reason to know such information, or it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness Protected Information. Witnesses may only view Protected Information in the presence of the Defense Team.

5. The Defense Team may provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all

members of the Defense Team, and any experts who receive Protected Information under this stipulation shall be provided a copy of this Protective Order along with those materials and shall initial and date the Order reflecting their agreement to be bound by it.

6. The parties shall refer to any Child Victim only by his or her self-identified pseudonym or first and last initials in all pleadings and at any court hearings.

7. If the parties file any pleading that references, contains, or attaches Protected Information subject to this Protective Order, any portion of that pleading that references, contains, or attaches Protected Information must be filed under seal in compliance with Criminal Local Rule 56-1.

8. All review and examination of Defendant's Electronic Devices will be conducted at the offices of either the U.S. Attorney's Office, Oakland Branch, located at 1301 Clay Street, Suite 340S, Oakland, California 4612, or the Contra Costa County Sheriff's Office, located at 1980 Muir Road Martinez, California. At the request of the Defense Team, the examination may be conducted outside the presence of an agent or other government representative. The reviewing room will be equipped with a computer that will permit the Defense Team to access a hard drive containing the Defendant's Electronic Devices. The reviewing computer will have software installed on it that will permit the Defense Team to access and analyze the data. Additional software tools may be installed on the reviewing computer at the request of the Defense Team and with the prior approval of knowledgeable agents of Homeland Security Investigations (HSI).

9. The Defense Team shall not make, nor permit to be made, any copies of the alleged child pornography contained in the Defendant's Electronic Devices and shall not remove from the government facility any child pornography. The Defense Team will be allowed to copy electronic information that is not contraband and compile a report without contraband images or videos documenting the examination, and this information may be stored on removable media that may be removed from the facility subject to confirmation by HSI agents that the removable media does not contain child pornography images.

10. After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Protected Information (including any copies) within 30 days if

PROTECTIVE ORDER
4:23-cr-00073-JST   Previously 4:23-mj-70141-MAG

the defendant consents to such destruction, or retain the Protected Information and ensure that the Protected Information will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

11. Any disputes about this Protective Order, including any dispute about the government's decision to designate materials as Protected Information, shall be resolved by this Court only after counsel for the United States and the defendant have first conferred and attempted to resolve the dispute. Defense counsel shall first raise any disputed designation with the government in writing. If the government does not then agree to change the designation, the defense may raise the issue with the Court.

12. This stipulation is without prejudice to any party applying to the Court to modify the terms of this Protective Order. This Court shall retain jurisdiction to modify this Protective Order upon motion of any party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

STEPHANIE M. HINDS
United States Attorney

Dated: February 16, 2023

    /s/  Kelly I. Volkar
KELLY I. VOLKAR
Assistant United States Attorney


    /s/ Mary Ann Bird (with permission)
MARY ANN F. BIRD
Counsel for Defendant JAVIER ANTONIO RAMIREZ

**IT IS SO ORDERED.**

Dated: March 8, 2023

HONORABLE DONNA M. RYU
United States Magistrate Judge

PROTECTIVE ORDER
4:23-cr-00073-JST   Previously 4:23-mj-70141-MAG